UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT J. SMITH,<br><br>                Petitioner,<br><br>     v.<br><br>JEFFERY BEARD,<br><br>                Respondent. | Case No. EDCV 15-932 RGK(JC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE AND DIRECTING CLERK TO REFER PETITION TO NINTH CIRCUIT |

## I. SUMMARY

On May 12, 2015, petitioner Delbert J. Smith ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Current Petition") and an Election Regarding Consent to Proceed Before a United States Magistrate Judge which reflects that he voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment.[1] The Current Petition challenges a 2007 Riverside County Superior

---

[1] "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, petitioner is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge. Respondent has not yet been served and therefore is not yet a party to this action. See, e.g., Travelers Cas. & Sur. Co. of Am. v.

(continued...)

1  Court criminal judgment in Case No. SWF-013195 ("State Case" or "State
2  Conviction"). (Petition at 2, 5-6).
3      Based on the record (including facts as to which this Court takes judicial
4  notice as detailed below) and the applicable law, the Current Petition and this
5  action are dismissed without prejudice for lack of jurisdiction because petitioner
6  did not obtain the requisite authorization from the Court of Appeals to file a
7  successive petition. Further, the Clerk of the Court is directed to
8  refer the Current Petition to the United States Court of Appeals for the Ninth
9  Circuit (the "Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[2]
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///

---

[1](...continued)
Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks and citation omitted). Thus, all parties have consented pursuant to § 636(c)(1). See Wilhelm v. Rotman, 680 F.3d 1113, 1119–21 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); Carter v. Valenzuela, No. CV 12-05184 SS, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition).

[2]Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

## II. PROCEDURAL HISTORY[3]

### A. Conviction, Sentencing and Direct Appeal

On September 8, 2005, the District Attorney of Riverside County filed an Information charging petitioner with four counts of robbery (Cal. Penal Code § 211) and one count of endangering the health of a child (Cal. Penal Code § 273a(a)). The Information further alleged that petitioner personally used a firearm in the commission of all of the charged offenses (Cal. Penal Code §§ 1192.7(c)(8), 12022.5(a), 12022.53(b)) ("firearm enhancements").

On April 19, 2007, pursuant to a plea agreement, petitioner pleaded guilty to all of the charges and admitted all of the firearm enhancements.

On June 13, 2007, the trial court sentenced petitioner to state prison for twenty-two years and four months.

Petitioner did not pursue a direct appeal.

### B. State Post-Conviction Petitions

#### 1. First Round

On February 20, 2012, petitioner constructively filed a habeas petition in Riverside County Superior Court, which was denied on June 1, 2012.

On June 13, 2012, petitioner constructively filed a habeas petition in the California Court of Appeal, which was denied on June 29, 2012.

---

[3]The facts and procedural history set forth in this section are derived from court records in the Central District of California (CDCA), the Ninth Circuit, the California Court of Appeal for the Fourth Appellate District, Division 2 ("COA"), and the California Supreme Court ("CSCT") in the following cases of which this Court takes judicial notice: (1) Delbert J. Smith v. Matthew Cate, et al., CDCA Case No. EDCV 12-1679 RGK(JC) ("First Federal Petition" or "First Federal Action"); (2) Delbert J. Smith v. Matthew Cate, et al., Ninth Circuit Case No. 13-56261 ("Ninth Circuit Action"); (3) In re Delbert Smith on Habeas Corpus, COA No. E062885; and (4) Smith (Delbert J.) on H.C., CSCT No. S225238. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

3

On July 10, 2012, petitioner constructively filed a petition for review in the California Supreme Court, seeking review of the denial of the petition filed in the Court of Appeal. The California Supreme Court denied the petition for review on August 29, 2012.

### 2. Second Round[4]

On February 17, 2015, petitioner filed a habeas petition in the California Court of Appeal, which was denied on February 24, 2015.

On March 24, 2015, petitioner filed a petition for review in the California Supreme Court, seeking review of the denial of the February 2015 petition filed in the Court of Appeal. The California Supreme Court denied the petition for review on April 29, 2015.

### C. First Federal Petition/First Federal Action and Ninth Circuit Action

On October 3, 2012, petitioner formally filed the First Federal Petition challenging the criminal judgment in the State Case on the ground that the sentence imposed was illegal and unconstitutional. On June 12, 2013, judgment was entered dismissing the First Federal Petition with prejudice as untimely.

On July 5, 2013, petitioner submitted a Petition for Certificate of Appealability which was filed as a Notice of Appeal to the Ninth Circuit. On May 20, 2014, the Ninth Circuit denied petitioner's request for a certificate of appealability in the Ninth Circuit Action.

### D. Current Petition

As noted above, on May 12, 2015, petitioner formally filed the Current Petition. The Current Petition again challenges the judgment in the State Case,

---

[4]Although immaterial to the resolution of the instant matter, petitioner may well have commenced his second round of habeas petitions with a petition filed in the Riverside County Superior Court, but the Court has no access to the dockets of such court and the Current Petition does not so reflect.

asserting the following grounds: (1) petitioner is "actually innocent" of multiple counts; and (2) he was sentenced to excessive prison time in violation of multiple federal constitutional amendments.

The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Petition in District Court.[5]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence

---

[5] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted); Reyes v. United States, 1999 WL 1021815 *3 (E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) constitutes dismissal on the merits and renders subsequently filed habeas petition second or successive).

Petitioner's First Federal Petition was denied as untimely – a determination which the Ninth Circuit has deemed to constitute a disposition on the merits. See McNabb, 576 F.3d at 1030. Accordingly, the Current Petition is successive. Since petitioner filed the Current Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

///

///

**IV.   ORDER**

IT IS THEREFORE ORDERED that the Current Petition and this action are dismissed without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Current Petition to the Ninth Circuit.

DATED: May 12, 2015

　　　　　　　　　　　／s／　　　　　　　　　　　　　
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE